**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

|  |  |  |
|---|---|---|
| AKIRA TECHNOLOGIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17cv00412 (LO/IDD) |
| | ) | |
| CONCEPTANT, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT JOSHUA PHIPPS' ANSWER TO FIRST AMENDED**
**COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant, Joshua Phipps ("Mr. Phipps"), by counsel, hereby answers Akira

Technologies, Inc.'s ("Akira's") First Amended Complaint and sets forth his defenses as follows:

1.      Defendant admits that the First Amended Complaint purports to be an effort by

Plaintiff to assert causes of action against the Defendants, but denies that the First Amended

Complaint asserts any viable cause of action; denies there is any merit to such purported causes

of action; and denies any liability of any kind is owed to Plaintiff in this case.

**PARTIES**

2.      Defendant admits the allegations contained in Paragraph 2 of the First Amended

Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the First Amended

Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the First Amended

Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the First Amended Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the First Amended Complaint.

## JURISDICTION AND VENUE

8.      Defendant denies the allegations contained in the first sentence of Paragraph 8 of the First Amended Complaint, as Plaintiff has no claims against the Defendants that arise under the Federal Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. §1831, *et seq*.  The allegations contained in the second sentence of Paragraph 8 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

9.      Defendant denies the allegations contained in Paragraph 9 of the First Amended Complaint, as Plaintiff has no claims against the Defendants that arise under state law.  The remaining allegations contained in Paragraph 9 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

10.      Defendant admits the allegation contained in Paragraph 10 of the First Amended Complaint that Conceptant, Inc. ("Conceptant") is a Virginia corporation, but the remainder of the allegations contained in Paragraph 10 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

11.     Defendant admits the allegation contained in Paragraph 11 of the First Amended Complaint that NuCognition, Inc. ("NuCognition") is a Virginia corporation, but the remainder of the allegations contained in Paragraph 11 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

12.     Defendant denies the allegation contained in Paragraph 12 of the First Amended Complaint that Mr. Phipps "has caused damage to Akira in Virginia."  The remainder of the allegations contained in Paragraph 12 of the First Amended Complaint asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

13.     Defendant admits the allegation contained in Paragraph 13 of the First Amended Complaint that Mr. Mikhalchuk "resides in Virginia," but the remainder of the allegations contained in Paragraph 13 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

14.     Defendant admits the allegation contained in Paragraph 14 of the First Amended Complaint that Ms. Houle "resides in Virginia," but the remainder of the allegations contained in Paragraph 14 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

15.     Defendant admits the allegations contained in Paragraph 15 of the First Amended Complaint that "four of the five defendants reside in this district," but denies the allegations contained in Paragraph 15 of the First Amended Complaint that "unlawful acts occurred in this district."  The remainder of the allegations contained in Paragraph 15 of the First Amended

Complaint asserts a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

## FACTUAL ALLEGATIONS

16.     Defendant denies the allegations contained in Paragraph 16 of the First Amended Complaint as phrased.  Defendant generally admits that Plaintiff has provided some technology services to certain portions of the Federal Government.

17.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 17 of the First Amended Complaint and, therefore, these allegations are denied.

18.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 18 of the First Amended Complaint and, therefore, these allegations are denied.

19.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 19 of the First Amended Complaint and, therefore, these allegations are denied.

20.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 20 of the First Amended Complaint and, therefore, these allegations are denied.

21.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 21 of the First Amended Complaint and, therefore, these allegations are denied.

22.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 22 of the First Amended Complaint and, therefore, these allegations are denied.

23.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 23 of the First Amended Complaint and, therefore, these allegations are denied.

24.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 24 of the First Amended Complaint and, therefore, these allegations are denied.

25.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 25 of the First Amended Complaint and, therefore, these allegations are denied.

26.     Defendant admits that the document cited in Paragraph 26 of the First Amended Complaint speaks for itself.

27.     Defendant generally denies the allegations contained in Paragraph 27 of the First Amended Complaint as phrased.  Defendant admits only that Mr. Phipps assisted ORA FDA staff, and that his contact with non-ORA FDA staff was limited to only projects that were related to ORA.  Defendant further admits the allegations contained in the second sentence of Paragraph 27 of the First Amended Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint as phrased.  Defendant admits only that Mr. Phipps supported ORA-related projects only for BIT/ITS staff.

29.     Defendant denies the allegations contained in Paragraph 29 of the First Amended Complaint as phrased.  Defendant admits only that Mr. Phipps was billing full-time at ORA and was directed to bill part-time on two other contracts at the same time.  Defendant further admits that Mr. Phipps was directed to bill 1.5 times his hours on ASPE since their rate was upside down (which Mr. Phipps did not do).

30.     Defendant denies the allegations contained in Paragraph 30 of the First Amended Complaint that Mr. Phipps "was promoted to Senior Vice President, Healthcare," and further admits that no contract documentation evidencing the promotion was attached as an exhibit to the First Amended Complaint.  Accordingly, Defendant further denies the remaining allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the First Amended Complaint that Mr. Phipps "was promoted to Senior Vice President, Healthcare," and further admits that no contract documentation evidencing the promotion was attached as an exhibit to the First Amended Complaint.  Accordingly, Defendant further denies the remaining allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the First Amended Complaint, though admits that the documents cited in Paragraph 34 of the First Amended Complaint speak for themselves and do not support the allegations in Paragraph 34 of the First Amended Complaint.

35.     Defendant admits the allegation contained in Paragraph 35 of the First Amended Complaint that Mr. Phipps tendered his resignation on November 28, 2016, but denies the remaining allegations in Paragraph 35 of the First Amended Complaint.

36.     Defendant admits the allegations contained in the first sentence of Paragraph 36 of the First Amended Complaint.  Defendant further admits that the document cited in Paragraph 36 of the First Amended Complaint speaks for itself, including the fact that it is unsigned by the Plaintiff.

37.     Defendant admits the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     Defendant admits the allegations contained in the first sentence of Paragraph 38 of the First Amended Complaint.  Defendant further admits that the document cited in Paragraph 38 of the First Amended Complaint speaks for itself, including the fact that the document reflects no signature from the Plaintiff.

39.     Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     Defendant generally admits that during certain portions of Ms. Houle's employment with Plaintiff, she reported to the two individuals identified in Paragraph 40 of the First Amended Complaint.  Defendant denies the remaining allegations contained in Paragraph 40 of the First Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the First Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the First Amended Complaint, though admits that the document cited in Paragraph 42 of the First Amended

Complaint speaks for itself and does not support the allegations contained in Paragraph 42 of the First Amended Complaint.

43.     Defendant admits that Ms. Houle performed the role of Akira's Project Manager for the FDA ORA BIT support contract during a certain time period, and further admits that she provided a two-week notice of resignation.  Defendant denies the remaining allegations contained in Paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46.     Defendant admits the allegation contained in Paragraph 46 of the First Amended Complaint that Mr. Mikhalchuk had the title of Chief Architect, but denies the remaining allegations contained in Paragraph 46 of the First Amended Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49.     Defendant admits the allegations contained in Paragraph 49 of the First Amended Complaint.

50.     Defendant admits that Mr. Phipps signed Exhibit 1 to the First Amended Complaint, and further admits that Exhibit 1 speaks for itself.  Defendant further admits that Plaintiff breached the terms of Exhibit 1.  See Mr. Phipps' Counterclaims against the Plaintiff.

51.     Defendant admits that Exhibit 1 to the First Amended Complaint speaks for itself.

52.     Defendant admits that Ms. Houle signed Exhibit 2 to the First Amended Complaint, and further admits that Exhibit 2 to the First Amended Complaint speaks for itself, including the fact that the document reflects no signature from the Plaintiff.

53.     Defendant admits that Exhibit 2 to the First Amended Complaint speaks for itself.

54.     Defendant admits that Ms. Houle signed Exhibit 3 to the First Amended Complaint, and further admits that the document speaks for itself, including the fact that the document reflects no signature from the Plaintiff.

55.     Defendant admits that Ms. Houle signed Exhibit 4 to the First Amended Complaint, and further admits that the document speaks for itself.

56.     Defendant admits that the document cited in Paragraph 56 of the First Amended Complaint speaks for itself.

57.     Defendant denies the allegations contained in Paragraph 57 of the First Amended Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the First Amended Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the First Amended Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the First Amended Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     Defendant generally admits that Plaintiff generated written information pertaining to its business pipeline, but denies the remaining allegations in Paragraph 65 of the First Amended Complaint.

66.     Defendant generally admits that Plaintiff generated a report called the "Total Contract Value Report," but denies the remaining allegations in Paragraph 66 of the First Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the First Amended Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the First Amended Complaint.  By way of further response, if such "past performance write-ups" exist, such documents would speak for themselves.

70.     Defendant denies the allegations contained in Paragraph 70 of the First Amended Complaint.  By way of further response, if such "past performance write-ups" exist, such documents would speak for themselves.

71.     Defendant denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the First Amended Complaint.  By way of further response, if such "ad-hoc sales documents" exist, such documents would speak for themselves.

73.     Defendant denies the allegations contained in Paragraph 73 of the First Amended Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the First Amended Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 76 of the First Amended Complaint and, therefore, these allegations are denied.

77.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 77 of the First Amended Complaint and, therefore, these allegations are denied.

78.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 78 of the First Amended Complaint and, therefore, these allegations are denied.

79.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 79 of the First Amended Complaint and, therefore, these allegations are denied.

80.     Defendant denies the allegations contained in Paragraph 80 of the First Amended Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the First Amended Complaint.

82.     Defendant generally admits the allegations contained in Paragraph 82 of the First Amended Complaint, but denies that the referenced "compilations" were trade secrets.

83.     Defendant denies the allegations contained in Paragraph 83 of the First Amended Complaint.

84.     Defendant generally admits the allegation contained in Paragraph 84 of the First Amended Complaint that Ms. Houle assisted on certain proposals, but denies the remaining allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Defendant admits the allegations contained in the first sentence of Paragraph 85 of the First Amended Complaint, but denies the allegations contained in the second sentence of Paragraph 85 of the First Amended Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of the First Amended Complaint.

87.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 87 of the First Amended Complaint and, therefore, these allegations are denied.

88.     Defendant denies the allegations contained in Paragraph 88 of the First Amended Complaint as they pertain to Mr. Phipps and Mr. Mikhalchuk.  Defendant is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 88 of the First Amended Complaint and, therefore, these allegations are denied.

89.     Defendant denies the allegations contained in Paragraph 89 of the First Amended Complaint.

90.     Defendant generally admits that the meetings identified in Paragraph 90 of the First Amended Complaint were held, but denies the remaining allegations contained in Paragraph 90 of the First Amended Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the First Amended Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the First Amended Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the First Amended Complaint as to Ms. Houle.  Defendant admits the remaining allegations contained in Paragraph 93 of the First Amended Complaint, and further admits that the document identified in Paragraph 93 of the First Amended Complaint speaks for itself.

94.     Defendant admits the allegation contained in Paragraph 94 of the First Amended Complaint that Mr. Mikhalchuk was a director of Chiron Solutions for a period of time. Defendant further admits that the document cited in Paragraph 94 of the First Amended Complaint speaks for itself.

95.     Defendant admits the allegations contained in Paragraph 95 of the First Amended Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the First Amended Complaint, but admits that the document cited in Paragraph 96 of the First Amended Complaint speaks for itself.

97.     Defendant denies the allegations contained in Paragraph 97 of the First Amended Complaint, but admits that the documents cited in Paragraph 97 of the First Amended Complaint speak for themselves.

98.     Defendant denies the allegations contained in Paragraph 98 of the First Amended Complaint, but admits that the document cited in Paragraph 98 of the First Amended Complaint speaks for itself.

99.     Defendant denies the allegations contained in Paragraph 99 of the First Amended Complaint, but admits that the document cited in Paragraph 99 of the First Amended Complaint speaks for itself.

100.     Defendant denies the allegations contained in Paragraph 100 of the First Amended Complaint, but admits that the document cited in Paragraph 100 of the First Amended Complaint speaks for itself.

101.     Defendant denies the allegations contained in Paragraph 101 of the First Amended Complaint, but admits that the document cited in Paragraph 101 of the First Amended Complaint speaks for itself.

102.     Defendant denies the allegations contained in Paragraph 102 of the First Amended Complaint.

103.     Defendant denies the allegations contained in Paragraph 103 of the First Amended Complaint, but admits that the document identified in Paragraph 103 of the First Amended Complaint speaks for itself.

104.     Defendant denies the allegations contained in Paragraph 104 of the First Amended Complaint, but admits that the document identified in Paragraph 104 of the First Amended Complaint speaks for itself.

105.     Defendant admits the allegations contained in Paragraph 105 of the First Amended Complaint, and further admits that the document identified in Paragraph 105 of the First Amended Complaint speaks for itself.

106.     Defendant admits the allegations contained in Paragraph 106 of the First Amended Complaint, and further admits that the document identified in Paragraph 106 of the First Amended Complaint speaks for itself.

107.     Defendant admits the allegations contained in Paragraph 107 of the First Amended Complaint, and further admits that the document identified in Paragraph 107 of the First Amended Complaint speaks for itself.

108.     Defendant admits the allegations contained in Paragraph 108 of the First Amended Complaint, and further admits that the document identified in Paragraph 108 of the First Amended Complaint speaks for itself.

109.     Defendant admits the allegations contained in Paragraph 109 of the First Amended Complaint, and further admits that the document identified in Paragraph 109 of the First Amended Complaint speaks for itself.

110.     Defendant admits the allegations contained in Paragraph 110 of the First Amended Complaint, and further admits that the document identified in Paragraph 110 of the First Amended Complaint speaks for itself.

111.     Defendant admits the allegations contained in Paragraph 111 of the First Amended Complaint, and further admits that the document identified in Paragraph 111 of the First Amended Complaint speaks for itself.

112.     Defendant admits the allegations contained in Paragraph 112 of the First Amended Complaint, and further admits that the document identified in Paragraph 112 of the First Amended Complaint speaks for itself.

113.    Defendant admits the allegations contained in Paragraph 113 of the First Amended Complaint, and further admits that the document identified in Paragraph 113 of the First Amended Complaint speaks for itself.

114.    Defendant denies the allegations contained in Paragraph 114 of the First Amended Complaint, but admits that the document identified in Paragraph 114 of the First Amended Complaint speaks for itself.

115.    Defendant denies the allegations contained in Paragraph 115 of the First Amended Complaint, but admits that the document cited in Paragraph 115 of the First Amended Complaint, which is a draft document only, speaks for itself.

116.    Defendant denies the allegations contained in Paragraph 116 of the First Amended Complaint, but admits that the document cited in Paragraph 116 of the First Amended Complaint, which is a draft document only, speaks for itself.

117.    Defendant denies the allegations contained in Paragraph 117 of the First Amended Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the First Amended Complaint, but admits that the document cited in Paragraph 118 of the First Amended Complaint, which is a draft document only, speaks for itself.

119.    Defendant denies the allegations contained in Paragraph 119 of the First Amended Complaint, but admits that the document cited in Paragraph 119 of the First Amended Complaint, which is a draft document only, speaks for itself.

120.    Defendant generally admits that the contracts identified in Paragraph 120 of the First Amended Complaint were performed by the Plaintiff, but denies the allegations that the contracts were "referenced as Conceptant's relevant prior experience."  By way of further

response, Defendant admits that the document cited in Paragraph 120 of the First Amended Complaint, which is a draft document only, speaks for itself.

121.     Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 121 of the First Amended Complaint and, therefore, these allegations are denied.

122.     Defendant admits the allegations contained in Paragraph 122 of the First Amended Complaint.

123.     Defendant denies the allegations contained in Paragraph 123 of the First Amended Complaint.

124.     Defendant denies the allegations contained in Paragraph 124 of the First Amended Complaint.

125.     Defendant denies the allegations contained in Paragraph 125 of the First Amended Complaint.

126.     Defendant generally admits the allegations contained in the first sentence of Paragraph 126 of the First Amended Complaint, but is without information sufficient to either admit or deny the allegations contained in the second sentence of Paragraph 126 of the First Amended Complaint and, therefore, these allegations are denied.

127.     Defendant admits that the document cited in Paragraph 127 of the First Amended Complaint speaks for itself, but denies the remaining allegations contained in Paragraph 127 of the First Amended Complaint.

128.     Defendant admits the allegations contained in Paragraph 128 of the First Amended Complaint.

129.     Defendant admits the allegations contained in Paragraph 129 of the First Amended Complaint.

130.     Defendant denies the allegations contained in Paragraph 130 of the First Amended Complaint.

131.     Defendant admits the allegations contained in Paragraph 131 of the First Amended Complaint that Mr. Wood and Ms. Munley left the company, but is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 131 of the First Amended Complaint and, therefore, these allegations are denied.

132.     Defendant denies the allegations contained in Paragraph 132 of the First Amended Complaint, but admits that the document cited in Paragraph 132 of the First Amended Complaint speaks for itself.

133.     Defendant admits the allegations contained in Paragraph 133 of the First Amended Complaint.

134.     The allegations contained in Paragraph 134 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

135.     The allegations contained in Paragraph 135 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

136.     Defendant denies the allegations contained in Paragraph 136 of the First Amended Complaint, but admits that the documents cited in Paragraph 136 speak for themselves.

137.     Defendant denies the allegations contained in Paragraph 137 of the First Amended Complaint, but admits that the document cited in Paragraph 137 speaks for itself.

138.     Defendant denies the allegations contained in Paragraph 138 of the First Amended Complaint, but admits that the documents cited in Paragraph 138 speak for themselves.

139.     Defendant admits that the documents cited in Paragraph 139 of the First Amended Complaint speak for themselves.

140.     Defendant denies the allegations contained in Paragraph 140 of the First Amended Complaint, but admits that the documents cited in Paragraph 140 speak for themselves.

141.     Defendant admits that the resumes cited in Paragraph 141 of the First Amended Complaint were included in the proposal, but denies the remaining allegations contained in Paragraph 141 of the First Amended Complaint.

142.     Defendant denies the allegations contained in Paragraph 142 of the First Amended Complaint.

143.     Defendant denies the allegations contained in Paragraph 143 of the First Amended Complaint.

144.     Defendant denies the allegations contained in Paragraph 144 of the First Amended Complaint that Conceptant used "Akira personnel" to write the proposal identified in Paragraph 144, but admits that the three individuals identified in Paragraph 144 of the First Amended Complaint participated in the proposal.

145.     Defendant denies the allegation contained in Paragraph 145 of the First Amended Complaint that Conceptant used an "Akira contractor" in connection with the proposal identified

in Paragraph 145 of the First Amended Complaint, but admits that the person identified in Paragraph 145 participated in the proposal.

146.    Defendant denies the allegations contained in Paragraph 146 of the First Amended Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of the First Amended Complaint.

148.    Defendant denies the allegations contained in Paragraph 148 of the First Amended Complaint.

149.    Defendant denies the allegations contained in Paragraph 149 of the First Amended Complaint.

150.    Defendant denies the allegations contained in Paragraph 150 of the First Amended Complaint.

151.    Defendant denies the allegations contained in Paragraph 151 of the First Amended Complaint.

152.    Defendant denies the allegations contained in Paragraph 152 of the First Amended Complaint.

153.    Given the vague phrasing of the allegations in Paragraph 153 of the First Amended Complaint ("authorized to see or use"), Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 153 of the First Amended Complaint and, therefore, these allegations are denied.

154.    Defendant denies the allegations contained in Paragraph 154 of the First Amended Complaint.

155.     Defendant denies the allegations contained in Paragraph 155 of the First Amended Complaint.

156.     Defendant denies the allegations contained in Paragraph 156 of the First Amended Complaint.

157.     Since Paragraph 157 of the First Amended Complaint does not identify the "contracts" to which it refers, Defendant is without information sufficient to either admit or deny the allegations contained in Paragraph 157 of the First Amended Complaint and, therefore, these allegations are denied.

158.     Defendant denies the allegations contained in Paragraph 158 of the First Amended Complaint.

159.     Defendant denies the allegations contained in Paragraph 159 of the First Amended Complaint.

160.     Defendant denies the allegations contained in Paragraph 160 of the First Amended Complaint.

161.     Defendant denies the allegations contained in Paragraph 161 of the First Amended Complaint.

162.     Defendant denies the allegations contained in Paragraph 162 of the First Amended Complaint.

**COUNT I**
**(AGAINST ALL DEFENDANTS)**
**MISAPPROPRIATION OF A TRADE SECRET**
**UNDER THE DEFENSE OF TRADE SECRETS ACT**
**18 U.S.C. § 1836, *ET SEQ***

163.     Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

164.     Defendant denies the allegations contained in Paragraph 164 of the First Amended Complaint.

165.     Defendant denies the allegations contained in Paragraph 165 of the First Amended Complaint.

166.     The allegations contained in Paragraph 166 of the First Amended Complaint assert a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations are denied.

167.     Defendant denies the allegations contained in Paragraph 167 of the First Amended Complaint.

168.     Defendant denies the allegations contained in Paragraph 168 of the First Amended Complaint.

169.     Defendant denies the allegations contained in Paragraph 169 of the First Amended Complaint.

170.     Defendant denies the allegations contained in Paragraph 170 of the First Amended Complaint.

171.     Defendant denies the allegations contained in Paragraph 171 of the First Amended Complaint.

172.     Defendant denies the allegations contained in Paragraph 172 of the First Amended Complaint.

173.     Defendant denies the allegations contained in Paragraph 173 of the First Amended Complaint.

174.     Defendant denies the allegations contained in Paragraph 174 of the First Amended Complaint.

175.    Defendant denies the allegations contained in Paragraph 175 of the First Amended Complaint.

176.    Defendant denies the allegations contained in Paragraph 176 of the First Amended Complaint.

**COUNT II**
**(AGAINST ALL DEFENDANTS)**
**MISAPPROPRIATION OF A TRADE SECRET**
**UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT**
**VA. CODE ANN. §§ 59.1-336 TO 59.1-343**

177.    Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

178.    Defendant denies the allegations contained in Paragraph 178 of the First Amended Complaint.

179.    Defendant denies the allegations contained in Paragraph 179 of the First Amended Complaint.

180.    Defendant denies the allegations contained in Paragraph 180 of the First Amended Complaint.

181.    Defendant denies the allegations contained in Paragraph 181 of the First Amended Complaint.

182.    Defendant denies the allegations contained in Paragraph 182 of the First Amended Complaint.

183.    Defendant denies the allegations contained in Paragraph 183 of the First Amended Complaint.

184.    Defendant denies the allegations contained in Paragraph 184 of the First Amended Complaint.

185.    Defendant denies the allegations contained in Paragraph 185 of the First Amended Complaint.

186.    Defendant denies the allegations contained in Paragraph 186 of the First Amended Complaint.

187.    Defendant denies the allegations contained in Paragraph 187 of the First Amended Complaint.

188.    Defendant denies the allegations contained in Paragraph 188 of the First Amended Complaint.

189.    Defendant denies the allegations contained in Paragraph 189 of the First Amended Complaint.

190.    Defendant denies the allegations contained in Paragraph 190 of the First Amended Complaint.

**COUNT III**
**(AGAINST DEFENDANTS CONCEPTANT, PHIPPS, MIKHALCHUK, AND HOULE)**
**TORTIOUS INTERFERENCE**
**WITH A CONTRACT AND BUSINESS EXPECTANCY**

191.    Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

192.    Defendant denies the allegations contained in Paragraph 192 of the First Amended Complaint.

193.    Defendant denies the allegations contained in Paragraph 193 of the First Amended Complaint.

194.    Defendant denies the allegations contained in Paragraph 194 of the First Amended Complaint.

195.     Defendant denies the allegations contained in Paragraph 195 of the First Amended Complaint.

196.     Defendant denies the allegations contained in Paragraph 196 of the First Amended Complaint.

197.     Defendant denies the allegations contained in Paragraph 197 of the First Amended Complaint.

198.     Defendant denies the allegations contained in Paragraph 198 of the First Amended Complaint.

## COUNT IV
## (AGAINST DEFENDANTS PHIPPS, HOULE AND MIKHALCHUK)
## BREACH OF DUTY OF LOYALTY

199.     Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

200.     Defendant admits that Mr. Phipps was an at-will employee of Plaintiff. Defendant denies the remaining allegations contained in Paragraph 200 of the First Amended Complaint.

201.     Defendant admits that Mr. Mikhalchuk was an at-will employee of Plaintiff. Defendant denies the remaining allegations contained in Paragraph 201 of the First Amended Complaint.

202.     Defendant admits that Ms. Houle was an at-will employee of Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 202 of the First Amended Complaint.

203.     Defendant denies the allegations contained in Paragraph 203 of the First Amended Complaint.

204.    Defendant admits that any legal duties that may have been owed to Plaintiff in this matter existed solely "as a result of the employer-employee relationship" and from no other source.  Defendant denies the remaining allegations contained in Paragraph 204 of the First Amended Complaint.

205.    Defendant denies the allegations contained in Paragraph 205 of the First Amended Complaint.

206.    Defendant denies the allegations contained in Paragraph 206 of the First Amended Complaint.

207.    Defendant denies the allegations contained in Paragraph 207 of the First Amended Complaint that Ms. Houle formed Chiron Solutions, Inc., but admits the remaining allegations contained in Paragraph 207 of the First Amended Complaint.

208.    Defendant denies the allegations contained in Paragraph 208 of the First Amended Complaint.

209.    Defendant denies the allegations contained in Paragraph 209 of the First Amended Complaint.

210.    Defendant denies the allegations contained in Paragraph 210 of the First Amended Complaint.

211.    Defendant denies the allegations contained in Paragraph 211 of the First Amended Complaint.

212.    Defendant denies the allegations contained in Paragraph 212 of the First Amended Complaint.

213.    Defendant denies the allegations contained in Paragraph 213 of the First Amended Complaint.

214.    Defendant denies the allegations contained in Paragraph 214 of the First

Amended Complaint.

## COUNT V
## (AGAINST ALL DEFENDANTS)
## COMMON LAW CONSPIRACY

215.    Defendant hereby incorporates each of the responses in the paragraphs above, as

though fully set forth herein.

216.    Defendant denies the allegations contained in Paragraph 216 of the First

Amended Complaint.

217.    Defendant admits the allegations contained in Paragraph 217 of the First

Amended Complaint that Mr. Phipps and Mr. Mikhalchuk formed Chiron Solutions, Inc., but

denies the allegation that Ms. Houle formed Chiron Solutions, Inc.  Defendant admits the

allegations contained in Paragraph 217 of the First Amended Complaint that Mr. Phipps, Mr.

Mikhalchuk, and Ms. Houle formed Conceptant, Inc., and NuCognition, Inc.  Defendant denies

the remaining allegations contained in Paragraph 217 of the First Amended Complaint.

218.    Defendant denies the allegations contained in Paragraph 218 of the First

Amended Complaint.

219.    Defendant denies the allegations contained in Paragraph 219 of the First

Amended Complaint.

220.    Defendant denies the allegations contained in Paragraph 220 of the First

Amended Complaint.

221.    Defendant denies the allegations contained in Paragraph 221 of the First

Amended Complaint.

222.     Defendant denies the allegations contained in Paragraph 222 of the First Amended Complaint.

223.     Defendant denies the allegations contained in Paragraph 223 of the First Amended Complaint.

224.     Defendant denies the allegations contained in Paragraph 224 of the First Amended Complaint.

225.     Defendant denies the allegations contained in Paragraph 225 of the First Amended Complaint.

## COUNT VI
## (AGAINST ALL DEFENDANTS)
## STATUTORY BUSINESS CONSPIRACY
## UNDER VA. CODE ANN. §§ 18.2-499 TO 18.2-500

226.     Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

227.     Defendant denies the allegations contained in Paragraph 227 of the First Amended Complaint.

228.     Defendant admits the allegations contained in Paragraph 228 of the First Amended Complaint that Mr. Phipps and Mr. Mikhalchuk formed Chiron Solutions, Inc., but denies the allegation that Ms. Houle formed Chiron Solutions, Inc.  Defendant admits the allegations contained in Paragraph 228 of the First Amended Complaint that Mr. Phipps, Mr. Mikhalchuk, and Ms. Houle formed Conceptant, Inc., and NuCognition, Inc.  Defendant denies the remaining allegations contained in Paragraph 228 of the First Amended Complaint.

229.     Defendant denies the allegations contained in Paragraph 229 of the First Amended Complaint.

230.    Defendant denies the allegations contained in Paragraph 230 of the First Amended Complaint.

231.    Defendant denies the allegations contained in Paragraph 231 of the First Amended Complaint.

232.    Defendant denies the allegations contained in Paragraph 232 of the First Amended Complaint.

233.    Defendant denies the allegations contained in Paragraph 233 of the First Amended Complaint.

234.    Defendant denies the allegations contained in Paragraph 234 of the First Amended Complaint.

235.    Defendant denies the allegations contained in Paragraph 235 of the First Amended Complaint.

236.    Defendant denies the allegations contained in Paragraph 236 of the First Amended Complaint.

237.    Defendant denies the allegations contained in Paragraph 237 of the First Amended Complaint.

238.    Defendant denies the allegations contained in Paragraph 238 of the First Amended Complaint.

239.    Defendant denies the allegations contained in Paragraph 239 of the First Amended Complaint.

## COUNT VII
## BREACH OF CONTRACT
## (AGAINST DEFENDANT PHIPPS)
## THE OCTOBER 5, 2011 COMPENSATION AGREEMENT

240.     Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

241.     Defendant admits that Mr. Phipps signed Exhibit 1 to the First Amended Complaint, and further admits that that document speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 241 of the First Amended Complaint.

242.     If Paragraph 242  of the First Amended Complaint is referring to Exhibit 1 to the First Amended Complaint, Defendant admits that the document speaks for itself.

243.     Defendant denies the allegations contained in Paragraph 243 of the First Amended Complaint.

244.     Defendant denies the allegations contained in Paragraph 244 of the First Amended Complaint.

245.     Defendant denies the allegations contained in Paragraph 245 of the First Amended Complaint.

246.     Defendant denies the allegations contained in Paragraph 246 of the First Amended Complaint.

## COUNT VIII
## BREACH OF CONTRACT
## (AGAINST DEFENDANT HOULE)
## THE JANUARY 12, 2015 COMPENSATION AGREEMENT

247.     Defendant hereby incorporates each of the responses in the paragraphs above, as though fully set forth herein.

248.     The allegations contained in Paragraph 248 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 248 of the First Amended Complaint are denied.

249.    The allegations contained in Paragraph 249 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 249 of the First Amended Complaint are denied.

250.    The allegations contained in Paragraph 250 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 250 of the First Amended Complaint are denied.

251.    The allegations contained in Paragraph 251 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 251 of the First Amended Complaint are denied.

252.    The allegations contained in Paragraph 252 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 252 of the First Amended Complaint are denied.

253.    The allegations contained in Paragraph 253 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 253 of the First Amended Complaint are denied.

254.    The allegations contained in Paragraph 254 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the

extent a response is necessary, the allegations contained in Paragraph 254 of the First Amended Complaint are denied.

255.    The allegations contained in Paragraph 255 of the First Amended Complaint do not pertain to this Defendant and, therefore, no response is necessary by this Defendant.  To the extent a response is necessary, the allegations contained in Paragraph 255 of the First Amended Complaint are denied.

Any allegations contained in any paragraphs above that have not been specifically addressed are hereby generally and specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred by Plaintiff's failure to meet the condition precedents in any contracts it had with Defendant, by Plaintiff's material breaches of contract, by Plaintiff's violations of Plaintiff's contractual obligations, and by Plaintiff's failure to exhaust whatever potential remedies it may have under the law of contracts.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent and/or latches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct, omissions, negligence and/or non-performance bar any recovery.

### FIFTH AFFIRMATIVE DEFENSE

Any damages Plaintiff may have sustained were not caused by any act or omission of Defendant, but were the direct and proximate result of Plaintiff's own acts or omissions, or those of others.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's actions were not the legal or proximate cause of Plaintiff's purported damages or injury.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to, on the facts or the law, the damages claimed or the relief requested.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from obtaining the asserted remedies because Plaintiff has come before this Court with unclean hands or *in pari delicto*.

## NINTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were justified and were taken for legitimate reasons.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are barred, in whole or in part, because, at all times, Plaintiff failed to take reasonable efforts to mitigate its damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claims for damages which Plaintiff has against Defendant, if valid, are offset by any claims which Defendant has against Plaintiff.  Defendant is entitled to set-off, contribution, and/or indemnity should any damages be awarded to Plaintiff, in the amount of damages of settlement amounts received by Plaintiff with respect to the same alleged injuries.  Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are barred, in whole or in part, by the doctrines of release and payment.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the First Amended Complaint are barred, in whole or in part, by accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant did not breach any lawful duty owed to Plaintiff for the transaction and events which are the subject matter of the First Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the information Plaintiff claims are "trade secrets" are not trade secrets as defined by the applicable Federal and state statutes and case law; Plaintiff failed to take reasonable measures to keep its information secret; Plaintiff did not consider the information to be "trade secrets" and did not instruct its employees to treat it as such; and Plaintiff did not identify and label the information specifically as "trade secrets" as it was required to do by the agreements it had with its employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by operation of law based on the intra-corporate conspiracy doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by operation of law based on the doctrine that precludes a party from converting a contract claim into a tort claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by operation of law based on the doctrine that precludes a party from pursuing duplicative claims that seek the same relief.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by operation of law based on the doctrine that a party cannot tortiously interfere with its own contract; because Plaintiff had no reasonable expectation of future contracts with the FDA; because Plaintiff could not have had a business expectancy in an opportunity predicated on the qualifications and continued employment of at-will employees; and because Plaintiff admitted in its pleading that the FDA's areas of research have stayed unchanged since 2013 and that Plaintiff was aware of which areas of research the FDA was currently pursuing.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Virginia's Source-of-Duty Doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are further barred because the acts ostensibly underlying the causes of action were entirely lawful; the law permitted Defendants to form their own companies before resigning from their employment with Plaintiff; Plaintiff's allegations show that Defendants did not compete with it, took no business away from it, and did not interfere with any opportunity that Plaintiff had an interest in or any intention or plans of pursuing; and Plaintiff cannot validly claim the entire FDA agency as its client based on one contract with one department within the FDA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The portion of Defendant Phipps's Employment Agreement upon which Plaintiff relies, by its terms, did not obligate him to bring new business opportunities to Plaintiff's attention; no such obligation appears in Mr. Phipps's Employment Agreement; there can be no claim that Mr. Phipps breached a contractual obligation that does not exist; Mr. Phipps violated did not violate

his non-compete with Plaintiff; and Plaintiff's claim for damages against Mr. Phipps – and all Defendants – is speculative and requires dismissal.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant hereby gives notice he intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case.  Defendant also hereby reserves the right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state or jurisdiction other than Virginia.

WHEREFORE, Defendant requests:

a)  That the First Amended Complaint be dismissed with prejudice;

b)  That Plaintiff take nothing by the First Amended Complaint;

c)  An award of attorneys' fees, costs, and expenses, pursuant to any and all contracts and agreements between Defendant and Plaintiff;

d)  An award of all other costs, disbursements, attorneys' fees, and expenses incurred herein as allowed by law; and

e)  That Defendant be awarded such other and further relief as the Court may deem proper.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13(a), Defendant/Counter-Plaintiff Joshua Phipps ("Mr. Phipps"), by counsel, brings the following counterclaim and in support thereof, states the following:

## NATURE OF ACTION

1.      This is a Counterclaim setting forth one Count: COUNT I- Breach of Contract (Joshua Phipps against Akira Technologies, Inc.).

2.      Akira breached its Employment Agreement with Mr. Phipps by failing to pay him sales bonuses, performance bonuses, wages, and expenses he is entitled to in accordance with its terms and conditions.

## PARTIES

3.      Defendant/Counterclaim-Plaintiff Joshua Phipps ("Mr. Phipps") is an individual residing at 3105 14th St. NE, Washington, D.C. 20017.

4.      Plaintiff/Counterclaim Defendant Akira Technologies, Inc. ("Akira") is a Virginia corporation with its principal office located at 1747 Pennsylvania Avenue, N.W., Suite 600, Washington, D.C. 20002.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the Counterclaim presented herein pursuant to 28 U.S.C. § 1367 in that it has original federal question jurisdiction and supplemental jurisdiction over Akira's claims, and thus can exercise supplemental jurisdiction over all other claims so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.

6.      Venue is proper in this Court.

7.      Plaintiff/Counterclaim-Defendant Akira has consented to personal jurisdiction by having filed its First Amended Complaint, and the Counterclaim presented herein arises out of the same transactions or occurrences that are the subject matter of Akira's First Amended Complaint.

## FACTUAL ALLEGATIONS

8.      Akira provides some technology services to certain portions of the Federal Government.

9.      At the times indicated, Akira employed Mr. Phipps, and entered into certain agreements with him.

**Mr. Phipps's Employment and Compensation Arrangement with Akira**

10.      On September 26, 2011, Akira hired Mr. Phipps as the Director of its Healthcare Technology business unit.  As Director, Mr. Phipps was tasked with building Akira's healthcare-related IT practice.

11.      Also on September 26, 2011, in consideration for his employment by Akira, Mr. Phipps signed an At-Will Employment Agreement ("Phipps Agreement").  **Exhibit 1**.

12.      Among other terms and conditions, the Phipps Agreement set forth Mr. Phipps' base salary as "$180,000, payable on a regular basis in accordance with the Employer's standard payroll procedures but not less often than monthly."  **Exhibit 1, § 3(c).**

13.      The Phipps Agreement also provided for additional compensation through Perquisites.  Specifically, § 3 of the Phipps Agreement contains the following additional compensation terms:

> **d. <u>Health Insurance and Other Perquisites</u>**.  The Employee shall be entitled to receive and participate in such other group, life, health, dental and disability insurance as is similarly provided for the other full time employees of the Employer. The employee shall be entitled to such other benefits, including vacation, bonuses, and participation in profit-sharing plans and stock option plans, as the parties may mutually agree from time to time in a manner consistent with other senior-level employees of the Employer. In particular, the following items are agreed as a minimum:
> **i.** The Employee will receive 10 paid Federal holidays per year
> **ii.** The Employee will receive 20 days of Paid-Time Off (PTO) which can be used at the Employee's option as either vacation or sick leave
> **iii.** The employee will be given by the Employer a maximum of $500 per month to cover healthcare costs via TriNet.com, including to be used in any flexible spending account (FSA) established on TriNet.com
> **iv.** The Employee will be paid an annual performance bonus of $25,000 based on customer feedback solicited on the Employee's performance on the contracts to which the Employee is assigned

**v.** The Employee shall be paid a sales bonus of 2.5% of total contract value of any contracts resulting from any prospective customer the Employee led capture for and a 1% bonus for contracts which the Employer wins as a result of the Employee's substantial involvement in the capture process although the Employee had not led capture (these bonuses will be paid out twice a year but based on contract value accrual to the Employer)

**Exhibit 1**, § 3(d).

14.    Initially, Mr. Phipps reported to Eli Liang ("Mr. Liang"), who at that time was Akira's Chief Operating Officer.  At some point before January 2016, Mr. Phipps began reporting directly to Srinivas Chennamaraja ("Mr. Chennamaraja"), Chief Executive Officer of Akira.

15.    Over a period of years from 2012-2016, Akira systematically failed to honor its sales bonus compensation arrangement with Mr. Phipps, as reflected in the Phipps Agreement.

16.    Mr. Phipps led capture on many contracts ("Phipps Capture Contracts") while at Akira, including:

    **a. ORA 1 extension-** Mr. Phipps was the Program Manager for the early contracts and worked with the project owner to identify new scope items and make the contract modifications;

    **b. CMS-FACTS-** Mr. Phipps was the Program Manager for the early contracts and worked with the project owner to identify the new scope, crafted the vehicle and scope of the Request for Proposal, led creation of the proposal, hired staff, and oversaw the project;

    **c. ORA Roadmaps-** Mr. Phipps was the Program Manager for the early contracts, worked with the project owner to identify the new scope, crafted the vehicle and scope of the Request for Proposal, and oversaw the project;

    **d. ORA 2,3, 4-** Mr. Phipps drove the conversations to get the contracts and wrote the whitepapers that became the proposals for these contracts;

    **e. CBER-** Mr. Phipps found the HUBZone contract on FedBizOpps.gov, led the proposal's creation, and led the presentation that led to Akira receiving the contract;

    **f. CFSAN FAT-** Mr. Phipps crafted the set-aside vehicle, led the proposal's creation, and ultimately oversaw the project.

    **g. CTP-** Mr. Phipps led proposal creation and sourcing of new staff for the project

17.     Mr. Phipps led capture for all of the Phipps Capture Contracts.

18.     However, Akira failed to fully compensate Mr. Phipps for the following Phipps Capture Contracts or extensions:

    **a. ORA 1- extension-** Contract value of $131,135 on August 17, 2012;

    **b. CMS-FACTS-** Contract value of $136, 989 on September 21, 2012;

    **c. ORA 1- extension-** Contract value of $556,861 on March 26, 2013;

    **d. ORA 1b roadmaps-** Contract value of $262,138 on September 12, 2013;

    **e. CBER-** Contract value of $3,815,815 on September 25, 2013;

    **f. ORA 2-** Contract value of $3,986,333 on September 18, 2014;

    **g. ORA 3-** Contract value of $3,995,478 on September 24, 2015;

    **h. FAT-** Contract value of $1,062,000 on September 28, 2015;

    **i. ORA 4- domestic-** Contract value of $3,917,070 on September 5, 2016;

    **j. FAT-** Contract value of $213,600 on September 9, 2016; and

    **k. ORA 4- import-** Contract value of $1,299,877 on September 21, 2016; and

    **l. CTP-** Contract value of $833,664 on June 23, 2014.

19.     The total value of the Phipps Capture Contracts is $20,174,959.00.

20.     Pursuant to the Phipps Agreement, Mr. Phipps is entitled to 2.5% of the total value of the Phipps Capture Contracts due to leading capture on them, totaling $504,373.97.

21.     Pursuant to the Phipps Agreement, Mr. Phipps is also entitled to a 1% bonus for contracts Akira won as a result of Mr. Phipps's substantial involvement in the capture process, totaling $201,749.59.

22.     Mr. Phipps made numerous requests for these bonuses to Mr. Chennamaraja, and in several emails Mr. Chennamaraja acknowledged that he owes Mr. Phipps some of these bonuses, yet still refused to pay them.

23.     Mr. Phipps was also entitled to receive an annual performance bonus ("Phipps Performance Bonus") of $25,000 per year under § 3(d)(iv) of the Phipps Agreement.

24.     Mr. Phipps is entitled to this $25,000 Performance Bonus annually from 2012-2016.

25.     Mr. Phipps never received the entirety of the annual Performance Bonuses due to him.

26.     Akira partially compensated Mr. Phipps for the outstanding Phipps Capture Contracts and Phipps Performance Bonuses by paying him $73,000 in total bonuses over this time period, well short of the total amounts due to him.

27.     The Phipps Agreement also provided for reimbursement of Mr. Phipps's business expenses.  Specifically, § 4 of the Phipps Agreement contained the following terms:

**4. <u>Expense Reimbursement</u>**.  The Employer shall reimburse, or advance funds for payment to, the Employee for all business travel and other out-of-pocket expenses reasonably incurred by the Employee in the performance of his services to the Employer. All reimbursable expenses shall be appropriately documented in reasonable detail by the Employee upon submission of any request for reimbursement as requested by the Employer from time to time.

28.     As part of his duties at Akira, Mr. Phipps incurred significant expenses.  Akira and Mr. Phipps specifically contemplated that he would incur these expenses, as reflected in § 4 of the Phipps Agreement.

29.     Between February 2, 2016 and October 4, 2016, Mr. Phipps incurred at least $6,754.20 in business travel and out-of-pocket expenses serving Akira's interests. **Exhibit 2.**

30.     Mr. Phipps reasonably incurred all of these expenses in the performance of his services to Akira, and documented them in reasonable detail. **Exhibit 2.**

31.     Akira failed to reimburse Mr. Phipps for these expenses, despite multiple demands.

32.     On November 28, 2016, Mr. Phipps tendered his resignation from Akira, giving three weeks notice and offering to make it effective December 15, 2016.

33.     When tendering his resignation, Mr. Phipps gave three weeks notice in an effort to help with the transition, and Akira initially accepted Mr. Phipps's offer to continue employment until December 15, 2016 (the "Transition Arrangement").

34.     After four days of this Transition Arrangement, some disagreements arose and Akira terminated the Transition Arrangement, but failed to compensate Mr. Phipps for this period of transition time that was not in dispute.

35.     Mr. Phipps is entitled to $4,640.00 in unpaid base compensation for this period of time.

### COUNT I
### BREACH OF CONTRACT
### (Joshua Phipps against Akira Technologies, Inc.)

36.     The foregoing allegations are incorporated as if realleged herein.

37.     Under § 3(d)(v) of the Phipps Agreement, Akira was to pay Mr. Phipps a sales bonus of 2.5% of the total contract value for any non-Census contracts upon which Mr. Phipps led capture.

38. Akira failed to pay Mr. Phipps the full sales bonuses to which he is entitled under § 3(d)(v) of the Phipps Agreement.  By failing to pay these bonuses, Akira breached § 3(d)(v).

39. Also under § 3(d)(v) of the Phipps Agreement, Akira was to pay Mr. Phipps a bonus of 1% of the total contract value for any contracts upon which Mr. Phipps was substantially involved in addition to the 2.5% bonus for contracts Mr. Phipps led capture on.

40. Akira failed to pay Mr. Phipps the full sales bonuses to which he is entitled under the "substantially involved" provision in § 3(d)(v) of the Phipps Agreement.  By failing to pay these bonuses, Akira breached § 3(d)(v).

41. Under § 3(d)(iv) of the Phipps Agreement, Akira was to pay Mr. Phipps the Phipps Performance Bonus of $25,000 annually from 2012-2016.

42. Akira failed to pay Mr. Phipps the Phipps Performance Bonus to which he is entitled under § 3(d)(iv) of the Phipps Agreement from 2012-2016.  By failing to pay these bonuses, Akira breached § 3(d)(iv) of the Phipps Agreement.

43. Under § 4 of the Phipps Agreement, Akira was to reimburse Mr. Phipps for all business travel and other out-of-pocket expenses he reasonably incurred.

44. Akira failed to pay Mr. Phipps any of his expenses incurred from February 2016 to October 2016.  By failing to reimburse Mr. Phipps for these expenses, Akira breached § 4 of the Phipps Agreement.

45. Under § 3(c) of the Phipps Agreement, Akira was to pay Mr. Phipps an annual base salary of $180,000 in accordance with Akira's standard payroll procedures.

46. Akira failed to pay Mr. Phipps for four (4) days of work between November 28 and December 15, 2016.  By failing to reimburse Mr. Phipps for these expenses, Akira breached § 3(c) of the Phipps Agreement.

47.     By this Count I, Mr. Phipps seeks the following damages, less $73,000 in

unspecified bonuses Mr. Phipps did receive from Akira:

    a. $706,123.56  in combined unpaid bonuses under § 3(d)(v) of the Phipps
       Agreement;

    b. $100,000 ($25,000 per year) in unpaid Performance Bonuses from 2012-2016
       under § 3(d)(iv) of the Phipps Agreement;

    c. $6,754.20 in unpaid expenses under § 4 of the Phipps Agreement; and

    d. $4,640 in unpaid base compensation under § 3(c) of the Phipps Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff JOSHUA PHIPPS requests that this Court

enter Judgment in his favor and against AKIRA TECHNOLOGIES, INC., on the above Count as

follows:

    a) COUNT I- Award judgment in Mr. Phipps's favor and against Akira
       Technologies, Inc. for all economic, pecuniary, and monetary damages and losses
       allowed by law, in the approximate amount of $810,763.56; plus all allowable
       interest on the amount awarded (pre- and post-judgment);

    b) All other legal or equitable relief allowed by law and deemed appropriate by the
       Court.

## JURY DEMAND

**DEFENDANT/COUNTER-PLAINTIFF JOSHUA PHIPPS DEMANDS A TRIAL**

**BY JURY ON ALL COUNTS ABOVE.**

September 14, 2017               Respectfully submitted,


                               _____/s/_____
                               Elaine Charlson Bredehoft
                               Virginia Bar No. 23766
                               ecb@cbcblaw.com
                               Peter C. Cohen
                               Virginia Bar No. 66346
                               pcohen@cbcblaw.com

CHARLSON BREDEHOFT
  COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800 Telephone
(703) 318-6808 Facsimile

*Counsel for Defendants, Conceptant, Inc.,*
  *NuCognition, Inc., Joshua Phipps,*
  *Andrey Mikhalchuk, and Lisa Houle*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Christopher R. Shipplett
Virginia Bar No. 74210
chris.shiplett@randolphlaw.com
RANDOLPH LAW, PLLC
252 N Washington Street
Falls Church, Virginia 22046
(703) 652-3039 Telephone
(703) 852-3976 Facsimile

*Counsel for Plaintiff,*
  *Akira Technologies, Inc.*


         */s/*                    
Peter C. Cohen
Virginia Bar No. 66346
pcohen@cbcblaw.com
CHARLSON BREDEHOFT
  COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800 Telephone
(703) 318-6808 Facsimile

*Counsel for Defendants, Conceptant, Inc.,*
  *NuCognition, Inc., Joshua Phipps,*
  *Andrey Mikhalchuk, and Lisa Houle*

45