**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| AKIRA TECHNOLOGIES, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>CONCEPTANT, INC., *et al.*<br><br><br>                    Defendants. | Civil Action No. 1:17cv00412 (LO/IDD) |

**PLAINTIFF, AKIRA TECHNOLOGIES, INC.'S, MEMORANDUM IN SUPPORT OF
ITS MOTIONS FOR LEAVE TO DISMISS COUNTS I, II, III OF ITS COMPLAINT
AGAINST ALL DEFENDANTS AND TO DISMISS THE CASE FOR LACK OF
<u>SUBJECT MATTER JURISDICTION</u>**

Plaintiff, Akira Technologies, Inc. ("Plaintiff" or "Akira"), through its undersigned

counsel, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §

1367, hereby moves the Court for leave to dismiss Counts I-III pled in the First Amended

Complaint ("Complaint") and to dismiss the case for lack of subject matter jurisdiction.

<u>SUMMARY OF ARGUMENT</u>

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its

pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  Akira seeks to amend its

Complaint by dismissing the following counts in their entirety:

- Count I, Misappropriation of a Trade Secret Under the Defense of Trade Secrets
  Act, 18 U.S.C. § 1836 ("DTSA") against all Defendants;

1

- Count II, Misappropriation of a Trade Secret Under the Virginia Uniform Trade Secrets Act against all Defendants; and

- Count III, Tortious Interference with a Contract and Business Expectancy against Defendants Conceptant, Inc., Joshua Phipps, Andrey Mikhalchuk and Lisa Houle.

Akira seeks to dismiss the above referenced causes of action because after conducting discovery it has determined that evidence does not exist to support the claims against the Defendants that are dismissed.

Furthermore, pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."  Since the Court's subject matter jurisdiction over the case rests with the DTSA claim, Akira respectfully requests that the Court, in line with the judicial precedent set in the Fourth Circuit, decline to exercise supplemental jurisdiction over the state claims and the Counterclaims pending in this litigation, correspondingly dismissing the entire case.

## **BACKGROUND**

This case was commenced by the Plaintiff, Akira Technologies, Inc., on July 6, 2017.  On September 14, 2017, Defendants, Lisa Houle, Conceptant, Inc., and NuCognition, Inc.[1], filed their Answers to the Complaint, while Defendants / Counter-Plaintiffs, Joshua Phipps and Andrey Mikhalchuk, on the same date filed their Answers and Counterclaims to the Complaint.

Counts I and II of the Complaint, Misappropriation of a Trade Secret under the Federal Defense of Trade Secrets Act and Misappropriation of a Trade Secret Under the Virginia Uniform Trade Secrets Act, allege that all Defendants misappropriated Akira's trade secrets, that

---

[1]  Akira has dismissed Defendants Conceptant, Inc., and NuCognition, Inc. entirely from the lawsuit. *Docket Nos. 50, 51.*

included numerous software prototypes as well as Akira proposals, business development and business strategy documents, to name some.  Count III of the Complaint, Tortious Interference with a Contract and Business Expectancy, allege that Defendants Conceptant, Inc., Joshua Phipps, Andrey Mikhalchuk, and Lisa Houle, intentionally interfered with Akira's business relationship with the U.S. Food and Drug Administration.

Discovery ended February 9. *Declaration of Christopher Shiplett,* ("Shiplett"), ¶3. Akira took the depositions of Lisa Houle, Andrey Mikhalchuk, and Joshua Phipps on January 31, February 1, and February 2, respectively. *Id.*, ¶4 The Defendants took the deposition of Eli Liang and Ryan Dunbar on February 6, and of Srinivas Chennamaraja on February 9. *Id.*, ¶5. On February 9, the defendants provided supplemental discovery, documents DEF010859-11255. *Id.*, ¶6. These documents included Conceptant's financial documents, including Conceptant's profit and loss statements and balance sheets. *Id.*, ¶7. Akira had not received or seen these documents prior to February 9th. *Id.*, ¶8.

Separately, Akira sent a subpoena to Yimam Kelemework, an FDA employee who had been Akira's Contracting Officer's Representative on Akira's FDA ORA BITS contract, and was known to Akira to have received communications from Josh Phipps relevant to the case. *Id.*, ¶9. Akira had requested those communications earlier in discovery but had not received them. *Id.*, ¶10.  Ms. Kelemework responded to Akira's subpoena by producing document on February 7. *Id*. Finally, the defendants supplemented their production again with documents on February 13. *Id.*, ¶11.

It was on review of the financial documents that Conceptant produced on February 9th and the documents that Ms. Kelemework in response to the third-party subpoena produced on February 7th, along with review of the deposition transcripts of Ms. Houle, Mr. Mikhalchuk, and

Mr. Phipps, that Akira was satisfied that there was no evidence of mis-appropriation of a trade secret or of tortious interference. *Id.*, ¶12.

Separately, on February 19th, counsel for the defendants emailed counsel for Akira requesting that Akira dismiss NuCognition from the suit. *Id.*, ¶15, Exhibit 1. Counsel for the parties discussed the possibility of dismissal by way of a series of emails over the next two weeks, and mutually agreed that Akira would dismiss NuCognition and Conceptant by way of a stipulation of dismissal. *Id.*, ¶16, Exhibits 2-8. That stipulation was filed March 6, and was granted March 8. *Docket Nos. 50, 51.* Akira requested that defendants agree to a dismissal with prejudice by Akira of Counts I – III of the claim (the two trade secret claims and the tortious interference claim), but the defendants while consenting to a dismissal, declined to consent to a motion to dismiss, requesting instead that Akira file a contested motion to dismiss the counts, thereby allowing the defendants to respond and raise issues they wished to raise with the court. *Shiplett*, ¶18, Exhibits 2 - 8.[2]

Because after discovery, Akira has determined that the evidence required to continue a claim of misappropriation of trade secrets and tortious interference does not exist, Akira is requesting dismissal of these claims. The parties agreed that given the procedural posture and timing of the discussions, agreement and disagreement regarding dismissal, that it made sense for Akira to request in its motion to dismiss the same hearing date as was previously determined for the parties' cross-motions for summary judgment to be filed in this case. *Id.*, Exhibit 7. That would allow the parties to brief for summary judgment only those claims that were still active (even though the defendants will oppose this motion, they consent to the dismissal), and only against those parties that were still included in this case.

---

[2] Akira did not seek the defendant's consent to the part of the motion that requests dismissal of the entire case for lack of subject matter jurisdiction.

## ARGUMENT

### I.    PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO DISMISS COUNTS I-III OF ITS COMPLAINT UNDER RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 15(a) governs the amendment of pleadings, stating generously that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  In *Foman*, the Court indicated that in analyzing a motion for leave to amend, the Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." *Id.*  Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  Furthermore, under Rule 15(a), "the non-movant generally carries the burden in persuading the court to deny leave to amend." *See Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004).

None of the factors that may weigh against granting a motion to amend is present in this case.  In light of the significant factual developments since the end of discovery, good cause for amending the Complaint is immediately apparent, as the allegations in Counts I-III of the Plaintiff's Complaint are no longer valid.  As a result, the Plaintiff moved swiftly to file this Motion and the supporting Memorandum.  Thus, there is no undue delay in Plaintiff's request to amend.  Moreover, the Plaintiff is not adding new defendants, setting forth new claims, or raising

new legal theories or affirmative defenses, that will result in additional discovery, cost, and preparation to defend against, but rather dismissing three of its existing counts, the relief for which is now moot, with prejudice.  These changes, in turn, should the Court decide to retain jurisdiction over the state claims, will not only serve the interests of justice and judicial economy, but will also make the litigation more efficient and streamline the existing case by allowing the parties to focus on the existing causes of action that include Akira's Count IV, Breach of Duty of Loyalty against Joshua Phipps, Andrey Mikhalchuk, and Lisa Houle, Count V, Common Law Civil Conspiracy against Joshua Phipps, Andrey Mikhalchuk, Lisa Houle, and Conceptant, Inc., Count VI, Statutory Business Conspiracy against Joshua Phipps, Andrey Mikhalchuk, Lisa Houle, and Conceptant, Inc., Count VII, Breach of Contract against Joshua Phipps, and Count VIII, Breach of Contract against Lisa Houle, as well as the Counterclaims Defendants Joshua Phipps and Andrey Mikhalchuk have asserted against Akira.  No prejudice would result to Defendants in allowing the amendment under these circumstances.

Furthermore, there is no apparent reason for denying the motion to amend, as none of the other factors discussed in *Foman* that may militate against it are present in this case.  Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should, therefore, grant the Plaintiff's motion.

## II.    AFTER DISMISSING THE FEDERAL CLAIM, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIMS.

Pursuant to 28 U.S.C.A. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."  In determining the meaning of the word "may," the United States Court of Appeals for the Fourth Circuit, quoting Supreme Court *dicta*, stated that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims

when all federal claims have been extinguished. Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (internal citations omitted)).

In acknowledging *Shanaghan* as the controlling authority in the Fourth Circuit, the District Courts have recognized a set of *"Shanaghan* factors" that should generally be analyzed in determining whether to retain supplemental state claims. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, No. 1:13-CV-1353 GBL/JFA, 2014 WL 1911884, at *10 (E.D. Va. May 13, 2014) ("In deciding whether to retain jurisdiction, district courts consider the 'convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" (quoting *Shanaghan*, 58 F.3d at 110)).

### A. Analysis of the *Shanaghan* factors.[3]

#### 1. Convenience and fairness to the parties.

There is no inconvenience or prejudice resulting to Defendants / Counter-Plaintiffs, Joshua Phipps and Andrey Mikhalchuk, if the Court dismisses the entire case, including their Counterclaims. Nothing bars them from pursuing their claims in state court, and therefore neither is without a forum in which to seek redress based on the state claims should they choose to do so. *See Fei Guan v. Bing Ran*, No. 1:17CV332 (JCC/IDD), 2017 WL 2881363, at *7 (E.D. Va. July 6, 2017).

#### 2. Judicial economy.

---

[3]   Plaintiff will analyze all the factors cited in *Shanaghan*, including where the amount in controversy falls below the jurisdictional amount.

The court's limited resources should be conserved by its refusal to decide state claims raised in the instant case.  As held by the U.S. Supreme Court in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (footnotes omitted): "if it appears that the state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."  In the instant case, the remaining claims by either party are based entirely on state law.  Dismissing the entire case would, therefore, be beneficial to the Court and avoid wasting the Court's time and resources on deciding state law claims.

**3.  The existence of any underlying issues of federal policy.**

The issues remaining, should the Court decide to grant the Plaintiff's Rule 15(a) Motion, are based entirely on state law and do not contain any underlying issues of federal policy. Dismissal is, therefore, appropriate.

**4.  Comity.**

Considerations of comity weigh in favor of dismissal in this instance: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *United Mine Workers of Am.*, 383 U.S. 726–27.  Furthermore, "[g]iven the nature of the state law claims at issue and in the interests of comity, this Court declines to exercise supplemental jurisdiction over any remaining fraud or negligence state-law claims. . . The Court notes that nothing in the record appears to bar Plaintiff from initiating Virginia state litigation, and therefore Plaintiff is not without a forum in which to seek redress on his fraud and negligence claims, should he have meant to plead any."  *Rumfelt v. Jazzie Pools, Inc.*, No. 1:11CV217 JCC TCB, 2011 WL 2144553, at *8 (E.D. Va. May 31, 2011).

8

The Court's motive in invoking comity in the instant case is not to decrease the Defendants' / Counter-Plaintiffs' access to federal courts, but instead to strike a compromise between the individual's interest in a federal forum and the state's interest in a state forum.  For those reasons, the case should be dismissed.

**5.   Time and energy already expended on the case by the federal court.**

To date, only discovery has taken place, without any hearings.  There was a notice of hearing scheduled for February 2, 2018, but the issue was resolved by the parties without the court's intervention.  The Motions for Summary Judgment are due on April 9, 2018, and the trial is set for July 31, 2018.  As a result, the time and energy spent by the Court in this case has been minimal.

**6.   Statute of limitations.**

The issue of whether the state statute of limitations had run on the state law claims has been abrogated by the Virginia savings statute, Va. Code Ann. § 8.01-229(E)(1), which states, in pertinent part, as follows:

> Except as provided in subdivision 3, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

The Virginia Supreme Court specifically held that the Code of Virginia statute applies to federal matters by stating: "[s]ubsection (E)(1) applies a tolling period to "any action" which abates or is dismissed without determining the merits" and "[t]here is no language in Code § 8.01–229(E)(1) which limits or restricts its application to a specific type of action or precludes its applicability to actions filed in a federal court." *Welding, Inc. v. Bland Cty. Serv. Auth.*, 261 Va. 218, 224, 541 S.E.2d 909, 912 (2001).  Therefore, the statute of limitations for any

Counterclaims timely brought by Defendants / Counter-Plaintiffs is stayed for the duration of this case.

**7.  Grounds to get into federal court.**

The Plaintiff's Count I, Misappropriation of a Trade Secret Under the Defense of Trade Secrets Act, gave rise to the federal court jurisdiction.  At the inception of the lawsuit, the Plaintiff had a reasonable and good faith belief, as evidenced by extensive factual allegations in the Complaint, that Akira had trade secrets which it took reasonable measures to protect.  In particular, Akira identified the following trade secrets: Semantic Layer Integration with eHMP, Business Rules and Business Process Management Platform Implementation with eHMP, Patient Cohort Tool, Pipeline Report, Total Contract Value Report, various past performance write-ups, as well as sales, business development and business strategy documents.  After conducting discovery and reviewing deposition testimony, there was no longer a live and justiciable claim, and no further relief the Court could grant on Akira's DTSA claim, which led Akira to seek to voluntary dismiss the DTSA cause of action.

**8.  "Other considerations."**

Other considerations that may arise on a case-by-case basis, such as the existence of some significant issue of state law, are "best resolved in state court, that could inform the trial court's determination whether to keep or dismiss the case entirely."  *Shanaghan*, 58 F.3d at 112 (citing *McCullough v. Branch Banking & Trust Co., Inc.*, 844 F.Supp. 258, 260–62 (E.D.N.C.1993)). There are no such considerations in this case.

**B.  *United Mine Workers* standard.**

While the Fourth Circuit has not adopted a hardline rule in this matter of what should generally be done if the underlying federal claims have been dismissed before trial, it should be noted that *United Mine Workers* is a popular decision in the Virginia District Courts, and has

10

been used by many courts as an alternative standard to *Shanaghan* considering it comes from the Supreme Court itself.  *See, e.g., S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, No. 1:13-CV-1353 GBL/JFA, 2014 WL 1911884, at \*10 (E.D. Va. May 13, 2014) ("As the Supreme Court held in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), the federal courts should avoid "[n]eedless decisions of state law ... both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *see also*, *Andochick v. Byrd*, No. 1:11-CV-739, 2012 WL 1656311, at \*12–13 (E.D. Va. May 9, 2012), aff'd, 709 F.3d 296 (4th Cir. 2013) (J. O'Grady) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966)").

   In *Andochick*, the Court dismissed the federal claims over which it had original jurisdiction "far in advance of trial," leaving the conversion claim as the only one remaining. *Andochick*, 2012 WL 1656311, at \*13.  Applying the standard in the *United Mine Workers* decision, it declined to retain jurisdiction over the conversion claim, finding "it appropriate to dismiss the remaining state court count without prejudice."  *Id*.  Consequently, the pending state claims, including the Counterclaims, should be dismissed as well.

   **C.  The counterclaims are governed by the same legal standard and should also be dismissed.**

   "Because the counterclaim is compulsory, 'it is settled that the district court has ancillary jurisdiction, which is now called supplemental jurisdiction under Section 1367 of Title 28 of the United States Code, to decide it even though the plaintiff's claim is dismissed."  Wright & Miller, Fed. Prac. & P. § 2365 (3d ed. 2008).  However, the court "may decline to exercise supplemental jurisdiction over a claim" if the court "has dismissed all claims over which it has original

11

jurisdiction.' 26 U.S.C. § 1367(c)(3)." *Lang v. Manufacturers & Traders Tr. Co.,* 274 F.R.D.

175, 184 (D. Md. 2011).  In *Lang*, the District Court in Maryland was faced with a case in which,

after mandatory counterclaims were brought, the federal claims were dismissed, leaving only the

plaintiff's state-based claims and the defendant's state-based counterclaims pending.  The court,

relying on a case out of Oregon, agreed that it must consider "the factors of judicial economy,

convenience to the parties, and fundamental fairness" when determining whether to dismiss the

counterclaims, and that it had the same discretion under 28 U.S.C.A. § 1367(c)(3) to decline to

exercise supplemental jurisdiction over the mandatory counterclaims as it did over the plaintiff's

state-based claims.  *Id.* at 184–85.

　　　In *Jackson v. DDD Co.*, 3 F.Supp.2d 666, 668 (D.Md.1998), another Maryland case, the

district court articulated the principle more clearly, deferring to a decision out of the Eighth

Circuit and linking that principle to *Shanaghan*: "The Court, however, has discretion to decline

to exercise such [*supplemental*] jurisdiction where it has dismissed the claim over which it had

original jurisdiction, under 28 U.S.C. § 1367(c)(3). *Shanaghan v. Cahill*, 58 F.3d 106 (4th

Cir.1995). **That discretion extends to the dismissal of counterclaims outside the original**

**jurisdiction of the Court.**" *Id.* (emphasis added) (citing *Innovative Home Health Care, Inc. v.*

*P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284 (8th Cir.1998)).

　　　In addition, the Ninth Circuit has held the same: "[h]aving dismissed all federal claims,

the district court did not abuse its discretion in dismissing the state law counterclaims under 28

U.S.C. § 1367(c)(3)." *W. Wholesale Supply, Inc. v. Holladay*, 25 F. App'x 507, 509 (9th Cir.

2001). The district courts in New York also follow this principle while citing to *United Mine*

*Workers*: "Wendy has filed two cross-claims against Blass . . . Wendy has also filed a

counterclaim against plaintiff for breach of contract. Having determined, as discussed supra, that

plaintiff's federal claims do not survive summary judgment, the Court concludes that retaining

jurisdiction over any state law claims is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)." *Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 417–18 (E.D.N.Y. 2013).

Accordingly, considering the case law as well as the discussion of the *Shanaghan* factors as well as the *United Mine Workers* standard as discussed on pp 6-10, supra, that Defendants' / Counter-Plaintiffs' Counterclaims based on state law should be dismissed.

## **CONCLUSION**

In conclusion, consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should grant the Plaintiff's motion to dismiss Counts I-III of its Complaint.  Moreover, by dismissing Akira's DTSA claim and pursuant to 28 U.S.C. § 1367, the Court should decline to exercise subject matter jurisdiction over the pending state claims and the Counterclaims, and dismiss the entire case.

.

Respectfully Submitted,

AKIRA TECHNOLOGIES, INC.

Dated: March 8, 2018            By:___/s/_____
                                Christopher R. Shiplett
                                Virginia Bar No. 74210
                                Nishat Azam
                                Virginia Bar No. 89912
                                Michael G. Snytkin
                                *Pro hac vice*
                                RANDOLPH LAW, PLLC
                                252 N Washington St
                                Falls Church, VA 22046
                                (p) 703-652-3039
                                (f) 703-852-3976
                                (e) chris.shiplett@randolphlaw.com

                                *Attorney for the Plaintiff / Counter-Defendant*
                                *AKIRA Technologies, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by filing it with the CM/ECF

system, which then sent notice and the document to counsel for defendant at the addresses

below:

Elaine Charlson Bredehoft
Virginia Bar No. 23766
ecb@cbcblaw.com

Peter C. Cohen
Virginia Bar No. 66346
pcohen@cbcblaw.com

CHARLSON BREDEHOFT
COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800 Telephone
(703) 318-6808 Facsimile

*Counsel for Defendants, Conceptant, Inc.,
NuCognition, Inc., and Lisa Houle, and
Defendants / Counter-Plaintiffs Joshua Phipps
and Andrey Mikhalchuk.*

Dated March 8, 2018

By:___/s/_____
Christopher R. Shiplett
Virginia Bar No. 74210
RANDOLPH LAW, PLLC
252 N Washington St
Falls Church, VA 22046
(p) 703-652-3039
(f) 703-852-3976
(e) chris.shiplett@randolphlaw.com

*Attorney for the Plaintiff / Counter-Defendant
AKIRA Technologies, Inc.*