**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| AKIRA TECHNOLOGIES, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 1:17-cv-412 |
| | ) | Hon. Liam O'Grady |
| v. | ) | Hon. Ivan Davis |
| | ) | |
| CONCEPTANT, INC., *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>Memorandum Opinion and Order</u>

This matter comes before the Court on cross-motions for summary judgment (Dkt. Nos. 52 and 66) and Plaintiff's Motion for Leave to Dismiss Counts I, II, III of its Complaint against All Defendants and to Dismiss the Case for Lack of Subject Matter Jurisdiction (Dkt. 58). In this case, Plaintiff alleges misappropriation of trade secrets, breach of a duty of loyalty, unfair competition, business conspiracy, and breach of contract against three former employees through the creation of allegedly competing companies, former defendants Conceptant, Inc. and NuCognition. Two individual defendants have counterclaimed for breach of contract. These matters are fully briefed and the Court dispensed with oral argument. For the following reasons and for good cause shown, Plaintiff's motion for leave to amend its complaint so as to dismiss Counts I, II, and III (Dkt. 58) is **GRANTED**; the operative complaint is considered amended so as to exclude Counts I, II, and III; the Court declines to continue to exercise supplemental jurisdiction over the remaining state law claims and counterclaims; and this case is **DISMISSED**. Accordingly, the cross-motions for summary judgment (Dkt. Nos. 52 and 66) are **DENIED** as moot.

# I. BACKGROUND

Plaintiff Akira Technologies, Inc. is a Virginia corporation with a principal place of business in the District of Columbia that provides technology services to federal government agencies. Plaintiff employs approximately fifty people. Defendant Joshua Phipps is a resident of the District of Columbia. Defendants Andrey Mikhalchuk and Lisa Houle are Virginia residents. All three are current employees of Conceptant, Inc. and NuCognition, and former employees of Plaintiff.

The Amended Complaint alleges eight counts as follows:

1. Misappropriation of Trade Secrets under the Defense of Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, against all Defendants;

2. Misappropriation of Trade Secrets under the Virginia Uniform Trade Secrets Act, Va. Code Ann. §§ 59.1-336 TO 59.1-343, against all Defendants;

3. Tortious Interference with a Contract and Business Expectancy against Defendants Conceptant, Phipps, Houle, and Mikhalchuk;

4. Breach of Duty of Loyalty against Defendants Phippe, Houle, and Mikhalchuk;

5. Common Law Civil Conspiracy against all Defendants;

6. Statutory Business Conspiracy, Va. Code Ann. §§ 18.2-499 TO 18.2-500, against all Defendants;

7. Breach of Contract against Phipps;

8. Breach of Contract against Houle.

Dkt. 14. Defendants Phipps and Mikhalchuk have both counterclaimed against Plaintiff for breach of contract. Dkt. Nos. 23 and 24.

Discovery in this case closed on February 9, 2018. Dkt. 29. During the pretrial conference on February 15, 2018, the parties set a deadline of March 9, 2018 for summary judgment motions and set a trial date of July 31, 2018. Dkt. 48. On March 6, 2018, the parties stipulated to the dismissal of the corporate defendants, Conceptant, Inc. and NuCognition, from

the case. Dkt. 50. On March 8, 2018, Defendants filed their motion for summary judgment one day before the filing deadline. That same day, Plaintiff filed its motion seeking leave to amend its complaint.

Plaintiff's motion seeks leave from the Court to amend its complaint so as to remove Counts I, II, and III. Counts I and II, as is apparent above, asserted federal questions and gave rise to original jurisdiction pursuant to 28 U.S.C. § 1331. There is not complete diversity in this case to give rise to original jurisdiction under 28 U.S.C. § 1332. Consequently, in the instant motion Plaintiff also asks the Court to decline to continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the five pendant state law claims and two state law counterclaims in the absence of original jurisdiction.

## II. LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) governs dismissal of claims, as opposed to FED. R. CIV. P. 41, which governs dismissal of entire actions. *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (4th Cir. 1995). "However, similar standards govern the exercise of discretion under either rule." *Id.* (citing *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (1983)). Rule 15 states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15. "It is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). A district court's ruling on a Rule 15 motion is reviewed for abuse of discretion. *Id.* However, the court must provide a "justifying reason" to support a denial of such a request. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). A Rule 15(a)(2) motion may only be denied where the Court finds one of the following

3

circumstances present: 1) amendment would be prejudicial to the opposing party, 2) there has been bad faith on the part of the moving party, or 3) amendment would be futile. *Id.* (quoting *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006)).

### III. DISCUSSION

There are two issues for the Court to decide in the instant motion – first, whether to grant leave to amend the complaint so as to remove Counts I, II, and III; and second, if such leave is granted, whether the Court should continue to exercise supplemental jurisdiction over a host of state law claims in the absence of claims supporting the Court's original jurisdiction.

*Leave to Amend*

Plaintiff asserts in its memorandum in support of the instant motion that, after the conclusion of discovery in early February 2018, it found it had insufficient evidence to proceed on Counts I, II, and III of the amended complaint.[1] Plaintiff took depositions from the three individual defendants on January 31, February 1, and February 2 and from additional key witnesses as late as February 9, as well as received relevant documents to these three claims as late as February 9. Plaintiff's counsel states in his affidavit in support of the instant motion that it was upon review of the totality of evidence obtained through these depositions and document productions that he reached the conclusion that Counts I, II, and III could not proceed in good faith.

The parties were narrowing the case in other areas as well. On February 19, 2018, ten days after the close of discovery, Defendants contacted Plaintiff seeking dismissal of the corporate defendant from the suit. Plaintiff agreed and a stipulated dismissal was filed on March 6, 2018 (signed on March 7, 2018). Dkt. 51. Plaintiff had also sought to stipulate to the dismissal of Counts I, II, and III at that time.

---

[1] In the pending cross-motions for summary judgment, Plaintiff does not contend otherwise.

Plaintiff argues that there are no factors that militate against the Court granting leave to amend. The instant motion was promptly filed in good faith following the close of discovery and after efforts to file a stipulated dismissal were unsuccessful. The amendment will not require new discovery, prejudice a defense strategy, or require new expenditure of resources in the instant litigation. Additionally, Plaintiff factually asserts in its motion that the removal of the counts from the complaint should be with prejudice, since there is no evidence to support the claims in good faith.[2]

In response, Defendants argue 1) that the motion is untimely, coming one month after the close of discovery; 2) that the motion is untimely because Defendants had already moved for summary judgment on Counts I, II, and III; 3) that the purpose of the instant motion is simply to avoid an adverse judgment on all counts of the complaint; and 4) that Plaintiff's reasons for the instant motion are neither credible nor sufficient.

On the question of timing, Defendants' argument is belied by the facts. The record demonstrates that the parties were narrowing down the case immediately after the close of discovery, including stipulating to the dismissal of the corporate defendant and discussing a consent dismissal of Counts I, II, and III. There is nothing in the record to suggest that the instant motion was unduly or strategically delayed. Indeed, Defendants have been on notice that Plaintiff intended to dismiss Counts I, II, and III since shortly after the close of discovery, a reality Defendants gloss over as they represent to the Court that the instant motion was an eleventh-hour strategic decision coming just the day before summary judgment briefs were due.

Defendants' argument that the instant motion is untimely and should be denied because

---

[2] While there does not appear to be a legal mechanism under Rule 15 to immediately preclude Plaintiff from pleading Count III, a state law claim, in a subsequent state court complaint, these representations should estop Plaintiff from doing so. As discussed *infra*, they are key factual representations in the Court's decision to permit amendment at this stage of the case.

Defendants' motion for summary judgment was already pending at the time of the instant motion is similarly questionable. Plaintiff represented to the Court and provided evidence that Defendants were aware Plaintiff intended to file the instant motion *before* summary judgment and that the parties agreed to hear the motion on the same date as the summary judgment motions. It is therefore not the timing of the instant motion that is suspect, but rather the timing of Defendants' motion for summary judgment, filed a day early in an apparent attempt to fashion a technical argument that the instant motion should be denied in light of the pending motion for summary judgment.

Even as a technical argument, it finds little support in case law. Defendants' lead citation for the proposition is *Howard v. Inova Health Care Srvs.*, 302 F. App'x 166, 180-81 (4th Cir. 2008). But in *Howard*, the motion to amend was filed a mere two weeks before trial and the *Howard* court explicitly noted, directly contrary to Defendants' proposition here, that "the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice" under Rule 41. 302 F. App'x at 179 (quoting *Fid. Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 89 (4th Cir. 2007)). Unlike in *Howard*, Defendants have been on notice since shortly after discovery closed that this motion was coming. Filing a motion for summary judgment just hours before and in anticipation of the instant motion constitutes mere filing, without more. It does not evince prejudice or bad faith.

This argument merges into Defendants' third argument and is similarly unavailing there. While true that the effect of re-pleading and leaving out Counts I, II, and III would be to avoid summary judgment in favor of Defendants on those counts, it is unclear that there is any technical benefit to that, in light of Plaintiff's representations to the Court in the instant motion that it could not bring Counts I, II, or III in a state court action. Summary judgment for

Defendants on this issue would have the same preclusive effect as Plaintiff's present representations – that, as a matter of law, Defendants did not engage in trade secret violations.[3]

As to the other counts, it is generally not prejudicial for purposes of Rule 15(a) analysis for parties to have to try state law claims in state court where discovery has been completed. *Davis v. USX Corp.*, 819 F.2d 1270, 1274-76 (4th Cir. 1987). As a practical matter, the parties in their cross motions for summary judgment are vigorously arguing for summary judgment on the remaining counts. At first blush, there appear to be jury questions on Count IV, breach of the duty of loyalty. Summary judgment on Counts V and VI, conspiracy claims, both hinge on the resolution of Count IV. Thus, at the very least, it appears that three state law claims are likely to survive the cross-motions for summary judgment and would have to proceed in this Court under supplemental jurisdiction and in the absence of a claim giving rise to the Court's original jurisdiction.

Defendants' final argument against leave to amend, alleging that the asserted reasons for the post-discovery timing of the motion are false, is unavailing. Defendants' argument is premised on attacking each aspect of discovery piecemeal, rather than meeting Plaintiff's stated reasons head-on: that it was the discovery of multiple pieces of evidence from multiple sources in the final days of discovery that, *in their totality*, led counsel to the conclusion that Plaintiff could not proceed in good faith with Counts I, II, and III. This is not a case of excessive delay or lack of diligence as Defendants' contend, but rather a case where the Plaintiff believably concluded, after sifting through extensive evidence, that there simply was not enough evidentiary support for these three claims to go forward in good faith.

---

[3] Defendants make an additional argument on this point, appearing not in the briefs on this motion but instead in their reply brief to their own motion for summary judgment. Dkt. 83, p.3. There, Defendants contend that dismissal and summary judgment are distinct outcomes on Counts 1 and 2 because judgment will enable Defendants to seek attorney's fees for bad faith claims of misappropriation. While this argument is not properly before the Court on the instant motion, the Court finds it unpersuasive. Nothing in the extensive record suggests that Counts 1 and 2 were brought in bad faith nor do Defendants explicitly assert as much in support of their argument, instead focusing on the technical distinctions between dismissal through amendment under Rule 15 and summary judgment under Rule 56. Accordingly, the Court cannot find Defendants prejudiced on this ground.

For these reasons, the Court holds that Plaintiff has met its burden for leave to amend its complaint under Rule 15. Plaintiff's stated reasons for its motion to amend are credible, necessary given the lack of evidence supporting the counts, and made in good faith, as noted *supra*. Defendants will not be unduly prejudiced by the dismissal of these counts for the reasons noted above, because the trial date for this case is over three months away, and because it is unlikely additional discovery would be necessary in a state court proceeding. Futility is irrelevant to the analysis where leave to amend is sought simply to remove counts from a complaint.

*Supplemental Jurisdiction*

28 U.S.C. § 1367, governing statutory supplemental jurisdiction, permits a district court to dismiss pendant claims after dismissal of claims giving rise to original jurisdiction. "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction . . . when all federal claims have been extinguished. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The district court will consider convenience and fairness to the parties and issues of federal policy, comity, and judicial economy in making such determinations. *Id.*

Plaintiff contends that the *Shanaghan* facts do not favor maintaining jurisdiction over the pendant state law claims. Generally, Plaintiff notes, correctly, that the counter-claims, both for breach of contract, could be brought in state court and would not be time-barred; the Court has spent little time on the case, given the absence of discovery disputes; and that comity strongly favors state courts resolving state law claims.

In the conclusion to their response brief, Defendants reassert their arguments on the issue of Rule 15 amendment. Dkt. 75, p. 18 ("For the same reasons, the Court should deny the second part of Akira's motion.") (citing to *Miller v. Terramite Corp.*, 114 F. App'x 536 (4th Cir. 2004) (finding the trial court did not abuse its discretion when it denied a motion to remand filed two

days before summary judgment was granted and over a month after defendant had moved for summary judgment) and *Steves and Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 232 (E.D. Va. Dec. 19, 2017) (denying a Rule 41 motion where the court found excessive delay in moving to dismiss, substantial trial preparation completed, and a disingenuous explanation for the need for dismissal)). The Court is unpersuaded that either case cited militates in favor of retaining the host of state law claims and counterclaims present in this case in the absence of original jurisdiction.

For the reasons supporting the Court's decision to grant the motion to amend the complaint, as well as a compelling comity interest in having state courts resolve claims arising from the state's statutory and common law (*see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."), the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claims and counterclaims.

## IV. CONCLUSION

For these reasons and for good cause shown, Plaintiff's Motion for Leave to Dismiss Counts I, II, and III of its Complaint via amendment under Rule 15 is **GRANTED**. The first amended complaint is considered so amended. In the absence of the claims giving rise to this Court's original jurisdiction under 28 U.S.C. § 1331, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and those claims are **DISMISSED**. Accordingly, this case is **DISMISSED** and the Clerk of Court is instructed to close the case file.

It is **SO ORDERED**.

_____
Liam O'Grady
United States District Judge

April 12, 2018
Alexandria, Virginia

9